**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

WILLIE REYNOLDS,                 :
                                       :
          Petitioner,            :
                                         :
                                         :
          VS.                     :       7 : 12-CV-140 (HL)
                                         :
Warden GREGORY MCLAUGHLIN,    :
                                         :
          Respondent.         :

_____

**RECOMMENDATION**

Presently pending in this ▪ 2254 action is the Respondent⊃s Motion to Dismiss the Petition as untimely.   (Doc. 7).   The Respondent contends that the Petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act (⊐AEDPA⊏).   The Petition was filed on October 19, 2012.   (Doc. 1).

The Petitioner was convicted of rape, incest, and false imprisonment in the Superior Court of Brooks County on May 23, 2003.   (Doc. 10-2).   Petitioner was sentenced to twenty (20) years on the rape charge, ten (10) years concurrent on the incest charge, and five (5) years concurrent on the false imprisonment charge.   *Id.*   Petitioner's convictions were affirmed on direct appeal on August 26, 2004.   *Reynolds v. State*, 269 Ga. App. 268, 603 S.E.2d 779 (2004).   Petitioner filed a state habeas corpus petition in the Superior Court of Hancock County on November 3, 2009.   (Doc. 10-1).   The state habeas court dismissed the petition as time-barred on June 11, 2010, and the Georgia Supreme Court denied Petitioner's application

for a certificate of probable cause to appeal on September 10, 2012.   (Docs. 10-3, 10-4).

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. " 2241 *et seq*, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events.   Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of A[the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review@   The Act further provides that A[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection.@" 2244 (d)(2).   When this one-year statute of limitations is applied to the facts herein it is clear that the Petitioner failed to file this federal habeas petition in a timely manner.

Pursuant to Rule 38 of the Rules of the Georgia Supreme Court and Rule 37 of the Rules of the Georgia Court of Appeals, Petitioner had ten (10) days from the August 26, 2004 appellate decision affirming his convictions and sentences to either move for reconsideration in the Georgia Court of Appeals or file a notice of intent to apply for certiorari to the Georgia Supreme Court. As Petitioner pursued neither option following the affirmance of his convictions and sentences, his convictions became final on September 5, 2004, the date on which the ten-day period for filing a notice of intent to seek further appellate review expired.   *Pugh v. Smith*, 465 F.3d 1295 (11th Cir. 2006).

The Petitioner then waited until November 3, 2009 to file his state habeas petition.   By the time Petitioner filed his state habeas petition, the one-year period for filing his federal habeas petition, or tolling said period with a properly filed state filing, had expired, as of September 5,

2

2005.   The Petitioner's filing of this federal habeas petition was therefore clearly untimely, and the tolling provision of § 2244(d)(2) does not afford the Petitioner any protection.   *See Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for [] § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run.").

Additionally, the Petitioner has not established the basis for equitable tolling of the time limitation.   "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999).   The burden is on the petitioner to establish the basis for equitable tolling.   *Hutchinson,* 677 F.3d at 1099.

The Petitioner contends that he is entitled to equitable tolling in that his appellate attorney failed to inform Petitioner when his convictions were affirmed on appeal on August 26, 2004, and refused Petitioner's repeated requests for his trial transcript and discovery materials between 2004 and October 2009.   (Doc. 9).   Petitioner alleges that without his trial transcript and discovery, he was unable to file a habeas corpus petition.   *Id.*

The Petitioner has not identified an extraordinary circumstance hindering his timely filing, nor has he established his diligence in pursuing relief.   The alleged failure of Plaintiff's appellate counsel to inform Petitioner when his convictions had been affirmed on appeal does not establish an extraordinary circumstance for purposes of equitable tolling.   "[A] garden variety claim of excusable neglect such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling." *Holland v. Florida*, 130 S.Ct. 2549, 2564 (2010).   "In virtually every case where the issue of equitable tolling comes up one or more attorneys should have acted with more dispatch, but more than that is required [to warrant

3

equitable tolling]". *Chavez v. Sec'y. Florida Dep't. of Corrections*, 647 F.3d 1057, 1071 (11th Cir. 2011). The Eleventh Circuit has "stated on numerous occasions that attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005) *quoting Howell v. Crosby*, 415 F.3d 1250 (11th Cir. 2005). *See also Bronson v. McDonough*, 2006 WL 2724295 (N.D.Fla. April 24, 2006) (cause of delay between issuance of court order and petitioner's knowledge thereof was attributable to attorney error, which did not establish grounds for equitable tolling). Despite Petitioner's contention that appellate counsel failed to inform him when the appellate decision was announced in August 2004, Petitioner nonetheless maintains he began seeking his trial materials during "the last part" of 2004, apparently realizing the need to pursue some sort of collateral review.

In regard to the trial materials Petitioner allegedly sought, this Court has determined that "the law is clear that not having a transcript does not constitute extraordinary circumstances under which equitable tolling is required . . . [Petitioner] was present at the trial and should have some knowledge of the issues he wished to raise. Simply put, a transcript is not needed to file a § 2254 petition." *Way v. Duffey*, 2010 WL 554236 *2 (M.D.Ga. Feb. 10, 2010) (HL) (*internal citations omitted*). Similarly, Petitioner has not established that trial discovery materials were necessary to the filing of this § 2254 petition.

Finally, the petitioner has not set forth any probative evidence of actual innocence. A claim of actual innocence must be supported "with new reliable evidence . . . that was not presented at trial . . . [that shows] sufficient doubt about [the petitioner=s] guilt to undermine

4

confidence in the result of the trial.@ *Schlup v. Delo*, 513 U.S. 298, 317 (1995).   A[F]actual inaccuracy is not *sufficient* unless the inaccuracy demonstrates, at least colorably, that the petitioner is actually innocent, or ineligible for, either an adjudication of guilt or the sentence imposed.@ *Johnson v. Singletary*, 938 F.2d 1166, 1182 (11th Cir. 1991).

Inasmuch as this federal habeas petition was untimely filed, it is the recommendation of the undersigned that the Respondents Motion to Dismiss be **GRANTED**.   Pursuant to 28 U.S.C. ' 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.   28 U.S.C. ' 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.   If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 5th day of June, 2013.


s/  *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**


asb