**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**WILLIE REYNOLDS,**

    Petitioner,

v.

**Warden GREGORY McLAUGHLIN,**

    Respondent.

Civil Action No. 7:12-CV-140 (HL)

**ORDER**

This case is before the Court on the Recommendation of United States Magistrate Judge Thomas Q. Langstaff (Doc. 11). The Magistrate Judge recommends that Respondent's Motion to Dismiss (Doc. 7) be granted because Petitioner's habeas petition was untimely filed. The Magistrate Judge also recommends that a Certificate of Appealability be denied.

Petitioner has filed objections to the Recommendation. The Court has made a *de novo* review of the parts of the Recommendation to which Petitioner objects and finds as follows.

**I.     ANALYSIS**

Petitioner does not dispute that his habeas petition was untimely filed. He argues instead that he is entitled to equitable tolling of the time limitation.

Equitable tolling of the habeas corpus statute of limitations is available if the prisoner demonstrates that (1) he has pursued his rights diligently and (2) an

extraordinary circumstance prevented him from timely exercising his rights. Holland v. Florida, 560 U.S. ---, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010). Equitable tolling is available only where a movant untimely files his motion due to extraordinary circumstances that are beyond his control. Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009). Equitable tolling is a rare and extraordinary remedy. San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011).

Petitioner's first asserted basis for equitable tolling is that his appellate attorney did not tell him when his state court convictions were affirmed by the Georgia Court of Appeals on August 26, 2004. When a petitioner asserts that his attorney was responsible for his failure to file a petition in a timely manner, he must allege "serious attorney misconduct" in order to be entitled to equitable tolling. Holland, 130 S.Ct. at 2564. Further, "[t]here must be a causal connection between the alleged extraordinary circumstances and the late filing of the motion." Lucas v. United States, --- F.App'x ---, No. 12-15804, 2013 WL 2985800, *3 (11th Cir. June 17, 2013).

Petitioner does not say in his objection when he actually found out about the appellate court's decision, but this matter was addressed during his state habeas hearing wherein the respondent moved to dismiss the state petition as untimely. Petitioner testified as follows:

> Sir, in response to that trial, I filed a motion to object because I didn't receive my case file from my appellant attorney, sir, to properly litigate my case. I didn't even know that my appeal had been affirmed until almost a year

2

> afterwards when I wrote the Court of -- Superior Court of Wilkes County to find out an update on my case.
>
> I was never informed by appellant attorney, nor my trial attorney, concerning the appeal or the outcome of it. And after I found out about it, I wrote my appellant attorney to receive a copy of my case file, but I never did receive it.

(Habeas Corpus Hr'g Tr., May 12, 2010, pp. 3-4; Doc. 10-3).

Petitioner's convictions became final on September 5, 2004. Giving Petitioner the full benefit of the doubt, he learned no later than August 26, 2005 that his state convictions had been affirmed. This means that at the time he learned about the appellate court's decision, the one-year time limit for Petitioner to file a federal habeas petition, or to toll the federal period with a properly filed state filing, had not yet expired. But Petitioner took no action. Petitioner, knowing full well that his state appeal had been denied, decided to wait until November of 2009 to file his state habeas petition. Even assuming appellate counsel never told Petitioner about the appellate decision, this is not a matter where the limitations period had already run when the petitioner learned of the ruling. Petitioner still had time available to him to pursue habeas relief.

Setting aside the issue of serious attorney misconduct, equitable tolling is not appropriate here because there is no causal connection between Petitioner's counsel's purported failure to notify Petitioner about the appellate decision and the late filing of the petition. Petitioner was aware of the denial of his appeal before the end of the one-year limitation period. There were no legal impediments preventing

3

Petitioner from filing a timely petition. While Petitioner complains that his attorney would not give him the trial transcript and discovery materials, as discussed below, those materials were not required for Petitioner to file his habeas petition. Simply put, there are no extraordinary circumstances here with respect to notification about the appellate decision that warrant equitable tolling.

Petitioner's second argument in favor of equitable tolling is that his appellate counsel would not send him the trial transcript and discovery. However, delay in receiving the transcript and discovery from appellate counsel does not constitute extraordinary circumstances warranting equitable tolling. Access to transcripts and other trial materials is not necessary to file a habeas petition. *See* Lloyd v. Van Natta, 296 F.3d 630, 633-34 (7th Cir. 2002) (holding that petitioner's inability to obtain the trial transcript was not grounds for equitable tolling); Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002) (holding that the court's delay in furnishing the petitioner with the trial transcript was insufficient to justify equitable tolling); Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001) (holding that lack of access to a trial transcript does not preclude a prisoner from commencing post-conviction proceedings and therefore does not warrant equitable tolling). While Petitioner argues that the transcript was necessary because the petition requires a petitioner to state the specific facts that support his claim, that argument has been rejected. *See* Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 751 (6th Cir. 2011) (holding that the rules governing Section 2254 cases indicate that a lack of access to the trial

transcript is not the kind of extraordinary circumstance that prevents a timely habeas filing); United States v. Oriakhi, 394 F.App'x 976, 977 (4th Cir. 2010) ("While [the movant] may have subjectively believed that he could not properly file a § 2255 motion without first reviewing his transcript, his unfamiliarity with the legal process or ignorance of the law cannot support equitable tolling.") Thus, equitable tolling is not warranted on this basis either.

## II.  CONCLUSION

Petitioner's habeas petition was not timely filed. He is not entitled to equitable tolling of the limitations period. Thus, Petitioner's objections are overruled. The Court accepts and adopts the Recommendation (Doc. 11), as modified by this Order. Respondent's Motion to Dismiss (Doc. 7) is granted. As recommended by the Magistrate Judge, no Certificate of Appealability will be issued.[1]

**SO ORDERED**, this the 15th day of July, 2013.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

---

[1] Petitioner did not object to the Recommendation to deny a Certificate of Appealability.